Exhibit 1

# MORGAN & MORGAN

*Attorneys At Law*

SUITE 2600
ONE COMMERCE SQUARE
MEMPHIS, TN 38103
(901) 217-7000
FAX: (901) 333-1897

September 9, 2016

*Via Facsimile 404.639.7351 and Regular U.S. Mail*

Director Tom Frieden, MD, MPH
HHS Office of the General Counsel
Public Health Division, CDC / ATSDR Branch
1600 Clifton Road NE, D-53
Atlanta, GA 30333

      RE:   *Hazlehurst v. Hays, MD, et al.,*
            Madison County Circuit Court Docket Nos. C-04-149 and C-10-290

Dear Director Frieden:

I represent Yates, Rolf and Angela Hazlehurst in the above-reference action. Please accept service of the following *Touhy* request seeking the deposition testimony of William Thompson, PhD ("Dr. Thompson"), who was previously assigned to the Immunization Safety Office at Centers for Disease Control and Prevention ("CDC").

Plaintiffs in the above-captioned Medical Malpractice Action request the appearance of Dr. Thompson for a deposition in the above-reference matter on September 21, 2016, and are serving this request under the authority of 45 *C.F.R.* § 2.4. This testimony is relevant to the pending Medical Malpractice Action filed on behalf of the Plaintiffs against E. Carlton Hays, MD and the Jackson Clinic Professional Association for harms and losses caused as a result of their negligent acts and/or omissions. Attached hereto is an Order finding the testimony of Dr. Thompson relevant to the pending action, and allowing the Plaintiffs an opportunity to depose Dr. Thompson.

The following information is provided pursuant to 45 *C.F.R.* § 2.4:

———— www.forthepeople.com ————

ATLANTA, GA ♦ BOWLING GREEN, KY ♦ COLUMBUS, GA ♦ DAYTONA BEACH, FL ♦ FT MYERS, FL ♦ JACKSON, MS ♦ JACKSONVILLE, FL ♦ KISSIMMEE, FL ♦ LAKELAND, FL
LEXINGTON, KY ♦ LOUISVILLE, KY ♦ MELBOURNE, FL ♦ MEMPHIS, TN ♦ MOBILE, AL ♦ NAPLES, FL ♦ NASHVILLE, TN ♦ NEW YORK, NY ♦ ORLANDO, FL ♦ PENSACOLA, FL
PLANTATION, FL ♦ PRESTONSBURG, KY ♦ ST. PETERSBURG, FL ♦ SARASOTA, FL ♦ SAVANNAH, GA ♦ TALLAHASSEE, FL ♦ TAMPA, FL ♦ TAVARES, FL ♦ THE VILLAGES, FL
WEST PALM BEACH, FL ♦ WINTER HAVEN, FL

## Parties and Counsel:

Plaintiffs in the above-referenced matter are represented by Brian G. Brooks, P.O. Box 605 Greenbrier, Arkansas 72058, Robert F. Kennedy, Jr., 48 Dewitt Mills Road, Hurley, New York 12443, and me.

Defendants in the above-referenced matter, E. Carlton Hays, MD and the Jackson Clinic Professional Association ("Defendants"), are represented by Marty Phillips and Craig Sanders, Rainey, Kizer, Reviere & Bell, PLC, 105 South Highland Avenue, Jackson, Tennessee 38301.

## Personnel to Appear and Give Testimony:

William Thompson, PhD, Senior Scientist previously assigned to the Immunization Safety Office at Centers for Disease Control and Prevention (CDC), who was the principle and/or co-lead author on three major vaccine safety studies, including VSD Thimerosal Neurodevelopment Study (Thompson et al, NEJM, 2007), VSD Thimerosal Autism Study (Price, Thompson et al, Pediatrics, 2010), and MADDSP MMR-Autism Case-Control Study (DeStefano et al, Pediatrics, 2004) (sometimes referred to individually as the "MMR Study").

## Nature of the Requested Testimony:

The Defendants' cited the MMR Study conducted by Dr. Thompson as support for their assertion that the Defendants' negligence was not a cause in fact Yates' regressive autism. Dr. Thompson's testimony is necessary to determine if the underlying data used in that study was valid, and if the assumptions made and conclusions drawn from the raw data are reliable. This information is particularly relevant to a number of factors the Court must considers in ruling on *Daubert* challenges to expert testimony in the pending action.

## Testimony Requested is Not Reasonably Available from Any Other Source:

Dr. Thompson is a senior scientist at the CDC who was previously assigned to the CDC's Immunization Safety Office. As a senior scientist assigned to the CDC's Immunization Safety Office, Dr. Thompson was personally involved in analyzing and developing protocol for a number of epidemiologic studies conducted the CDC to determine if there was any link between vaccines and neurodevelopmental disorders

including, without limitation, autism. Dr. Thompson was the principle author and lead investigator on the MMR Study, which concluded there was no statistically significant link between the MMR vaccine and autism. The Defendants' have relied on this study (and the other studies cited above) as support for their assertion that the Defendants' negligence was not a cause in fact Yates' regressive autism.

Dr. Thompson's testimony is necessary to determine if the underlying data used in that study was valid, and if the assumptions made and conclusions drawn from the raw data are reliable, since the underlying data is no longer available. This is particularly true given Dr. Thompson's public and private comments about his involvement in and personal knowledge of private meetings with CDC officials, which suggest the conclusions drawn from the CDC studies are inherently flawed, and the destruction of information that should have been made publicly available.

### Reasons Why the Testimony Would be in the Interest of the DHHS or the Federal Government:

45 C.F.R. § 2.1 (b) states that "[i]t is the policy of DHHS to provide information, data, and records to non-federal litigants to the same extent and in the same manner that they are made available to the general public and, when subject to the jurisdiction of a court or other tribunal presiding over non-federal party litigation, to follow all applicable procedural and substantive rules relating to the production of information, data, and records by a non-party." Allowing the deposition of Dr. Thompson would further these states policies in two (2) ways.

First, the underlying data used in studies like the MMR Study is typically made available to the public upon request. Dr. Thompson has made public and private statements indicating that conclusions drawn from the underlying data in the MMR Study is inherently flawed and false. Dr. Thompson's deposition will allow for the disclosure of information regarding the assumptions made and conclusions drawn from the underlying raw data in the MMR Study, which is information that should be accessible by law. 5 U.S.C.A. § 301 ("This section does not authorize withholding information from the public or limiting the availability of records to the public.")

Second, Tennessee allows for the discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any

other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things, and electronically stored information, i.e. information that is stored in an electronic medium and is retrievable in perceivable form, and the identity of and location of persons having knowledge of any discoverable matter." *Tenn. R. Civ. P.* 26.02(1). The trial court in *Hazlehurst v. Hays, MD, et al.,* Madison County Circuit Court Docket Nos. C-04-149 and C-10-290, determined that the testimony of Dr. Thompson is relevant to the issues in the pending case and, therefore, the deposition furthers the CDC's policy of "follow[ing] all applicable procedural and substantive rules relating to the production of information, data, and records by a non-party [in the action pending in Madison County Circuit Court]."

Please feel free to call me if you have any questions or concerns.

Sincerely,

MORGAN & MORGAN MEMPHIS, LLC

W. Bryan Smith, Esquire

WBS/lkw

Enclosure

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT
AT JACKSON

ROLF G. S. HAZLEHURST and
ANGELA HAZLEHURST,
                              Plaintiffs,

VS.                                                                          NO. C-04-149 DIV II
                                                                             JURY DEMANDED

E. CARLTON HAYS, M.D. and THE JACKSON
CLINIC PROFESSIONAL ASSOCIATION,

                     Defendants.

                                  *- Consolidated with -*

WILLIAM YATES HAZLEHURST, a minor by
ROLF G. S. HAZLEHURST and
ANGELA HAZLEHURST and
As Natural Parents and Next Friends,
                              Plaintiffs,

VS.                                                                          NO. C-10-290 DIV II
                                                                             JURY DEMANDED

E. CARLTON HAYS, M.D. and THE JACKSON
CLINIC PROFESSIONAL ASSOCIATION,

                     Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE

Plaintiffs move the Court for additional time by manner of three separate motions:

1. Motion for Additional Time to Conduct Discovery;
2. Motion for Extension;
3. Motion for Continuance.

The Court hereby consolidates these motions which came to be heard on the 5th day of February

2016 by the Hon. William B. Acree, Jr., Senior Judge, presiding by designation over the Circuit

Court of Madison County, Tennessee, and grants plaintiffs request.

This is a healthcare liability lawsuit where Dr. E. Carlton Hays, an employee of The

Jackson Clinic Professional Association, ordered the administration of standard 12 month

Page 1 of 4

vaccinations[1] to William Yates Hazlehurst ("Yates") on February 8, 2001. Yates presented that day with otitis media, an inner ear infection. Subsequent to receiving the vaccines, Yates' normal childhood development ceased to progress and, in fact, regressed. Yates developed autism. Later testing showed Yates to have a mitochondrial disorder. Plaintiffs allege the actions of Dr. Hayes resulted in Yates development of autism. Specifically, Dr. Hays' actions fell below the standard of care when he ordered vaccinations be administered to a child presenting with an infection.

The Court recognizes this matter as, potentially, a case of first impression in the United States. Thousands of claims filed with the Federal Vaccine Courts attempting to link vaccinations and autism have never reached the state court jury trial stage. The plaintiffs now attempt to introduce expert testimony that could refute the validity of testing that, for years, refuted any such link. The Court finds that plaintiff's position should be developed further. Plaintiff's assertions could substantially assist the Court at the summary judgment stage as well as the jury at trial.

Additionally, the Court considered that the defendants intend to call 16 expert witnesses and the planned two-week trial will likely take approximately four weeks. Further, a Shelby County judge set a different healthcare liability trial for plaintiff's counsel, without counsel's input, which would only allow counsel approximately one week to prepare for this trial. The Court recognizes defendants' position as a legitimate argument to not delay the matter further as the date of incident occurred over fifteen (15) years ago. However, the overriding interest of justice is to reopen discovery limited to the following six witnesses which may, by party choice, be designated as fact or expert witnesses:

---

[1] On February 8, 2001, Dr. Hays diagnosed Yates with otitis media, an inner ear infection and prescribed Amoxil (Penicillin) to treat the infection. That same day, Yates received Hep B, HIB #4, MMR#1 and Prevnar #4 vaccinations.

1.  Dr. Richard I. Kelley;
2.  Dr. Andrew W. Zimmerman;
3.  Dr. Richard E. Frye;
4.  Dr. William E. Thompson;
5.  Dr. Arthur Krigsman;
6.  Dr. Dmitriy M. Niyazov.

A trial which was previously set for March 8, 2016 and anticipated to last two weeks is now set for July 31, 2017 and anticipated to last four weeks.

The parties shall present a revised scheduling order reflecting discovery deadlines for the herein named witnesses to the Court by February 22, 2016. The order shall address rebuttal evidence by the defendants, deadline dates for filings, motion hearing dates, and a date for the pretrial conference. If said scheduling order is not agreed by the parties, the Court will conduct a telephone scheduling conference on February 23, 2016 at 10:00 AM.

It is so ORDERED this the ___9___ day of February, 2016.

HONORABLE WILLIAM B. ACREE
Senior Judge