Exhibit 2



U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service

Centers for Disease Control
and Prevention (CDC)
Atlanta GA 30329-4027

September 22, 2016

W. Bryan Smith, Esq.
Morgan & Morgan
Attorneys at Law
One Commerce Square, Suite 2600
Memphis, Tennessee 38103

Re: Request for Deposition Testimony of Dr. William Thompson
*Hazlehurst v. Hays, MD, et al.*

Dear Mr. Smith:

I am writing in response to your letter requesting the deposition testimony of Dr. William Thompson, an employee of the Centers for Disease Control and Prevention (CDC), in the above-captioned medical malpractice case. Specifically, you seek testimony regarding Dr. Thompson's work, as part of his official CDC duties, on three vaccine safety studies "to determine if the underlying data used in that study was valid, and if the assumptions made and conclusions drawn from the raw data are reliable."

CDC is a component agency of the Department of Health and Human Services (HHS). Pursuant to HHS regulations codified at 45 C.F.R. Part 2, HHS employees do not participate, give depositions or trial testimony, or provide consultations in their official capacities in private litigation or other proceedings in which the United States is not a party, absent authorization by the agency. The bases for this policy, as articulated in Section 2.1(b), are to minimize the disruption of official duties, and the necessity of the Department to maintain strict impartiality in disputes between litigants. In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Court recognized the authority of federal agencies to limit their employees' involvement in such actions. The Eleventh Circuit U.S. Court of Appeals has specifically recognized HHS's authority to limit the involvement of CDC employees in such litigation. *Moore, et al. v. Armour Pharmaceutical Co., et al.*, 927 F.2d 1194 (11th Cir. 1991).

Section 2.4 of the testimony regulations requires the satisfaction of three criteria before testimony by an HHS employee is allowed. First, the request must be in writing and state the nature of the testimony. Second, the request must explain why the testimony is unavailable by any other means. Finally, the request must provide reasons why the testimony would be in the interests of HHS or the Federal Government. While your written request satisfies the first of these criteria, it fails to meet the second and third criteria.

After consulting with the Office of the General Counsel regarding your request, I have determined that the deposition testimony you seek is available by other means and that Dr. William Thompson's deposition testimony would not substantially promote the objectives of CDC or HHS.

Understanding that the basis of tort liability in a medical malpractice action is failure to meet the medical standard of care at the time of the alleged incident, I note that the plaintiff was vaccinated during the years 2000 – 2001, while the three vaccine safety studies referenced in your request were published in the years 2004, 2007 and 2010. Given the fact that the three studies were published after

Page 2 – W. Bryan Smith, Esq.

the defendant vaccinated the plaintiff, those studies are not relevant to establishing the standard of care that existed at the time of the vaccinations. As such, Dr. Thompson's testimony regarding those studies would be superfluous to showing the standard of care at the time of the vaccinations and thus, it does not appear to promote the objectives of CDC or HHS.

Furthermore, to the extent there are questions about the validity of any of the three referenced post-vaccination studies, your current private litigation is not the proper forum to address those concerns. CDC still considers the studies to be valid and to provide further evidence, along with a large body of other scientific studies, that vaccines do not cause autism. We also acknowledge that allegations have been made about aspects of one of the studies. CDC is currently reviewing those allegations regarding the 2004 study's scientific review process and conclusions drawn.

In addition, the data CDC collected for the study published in the 2004 *Pediatrics* article, "Age at First Measles-Mumps-Rubella Vaccination in Children With Autism and School-matched Control Subjects: A Population-Based Study in Metropolitan Atlanta," are available for analysis by others. You can find more information on how to access this public-use dataset at www.cdc.gov/ncbddd/developmentaldisabilities/maddsp-data-sets.html.

Therefore, given the fact that the three studies are not relevant to establishing the standard of care present when vaccines were administered to the plaintiff in 2000 – 2001, it would be an inefficient use of scarce public health resources to provide a witness where that witness's testimony is not relevant and therefore not needed. In addition, in light of the availability of the public-use dataset for the 2004 study, the plaintiffs have an alternative to address any issues considered relevant from the 2004 study. Experts from the private sector should be available to testify about the standard of medical care at the time of these vaccinations and/or conduct analyses of the 2004 dataset. Further, the HHS objective of ensuring the integrity of its scientific work and resulting publications is better addressed through normal scientific and other processes and is not served by providing testimony in an individual case.

In addition, CDC cannot view your request in isolation, but must consider the cumulative impact of allowing such a request. CDC receives numerous requests for testimony in litigation, administrative proceedings, and public hearings related to the work conducted by this agency. The agency simply cannot accommodate all such requests for testimony and conduct its essential work on important public health matters. The cumulative effect of permitting CDC employees to forego their official responsibilities in order to participate in private litigation would result in a potentially staggering loss to the agency's efforts in the prevention and control of infectious diseases, which are the leading cause of death worldwide.

For all of these reasons, and in accordance with the regulations found at 45 C.F.R. Part 2, I must deny your request for the deposition testimony of Dr. William Thompson.

Sincerely,

Thomas Frieden, MD, MPH
Director, CDC

cc:   William Thompson, PhD